1  Jeffrey M. Anielski (SBN: 125004)
   OSMAN & ASSOCIATES
2  9325 Sky Park Court, Suite 230
   San Diego, CA 92123
3  (858) 616-6160
4  Fax(858) 616-6170

5  Attorneys for Defendant AMERICAN YACHT
   TRANSPORT, LLC
6

7

8              UNITED STATES DISTRICT COURT

9              SOUTHERN DISTRICT OF CALIFORNIA

10

11 NICK DELEO, an individual,         )  Case No.: 08 CV 534 W JMA
                                      )
12              Plaintiff,            )  DEFENDANT AMERICAN
                                      )  YACHT TRANSPORT, LLC'S
13                                    )  ANSWER TO PLAINTIFF NICK
   v.                                 )  DELEO'S COMPLAINT FOR
14                                    )  DAMAGES
   AMERICAN YACHT TRANSPORT, LLC, a   )
15 Florida limited liability corporation, and )  Demand For Jury Trial
   DOES 1 through 10, inclusive,      )
16                                    )
                                      )  ORIGINAL
17              Defendants.           )
                                      )
18 ─────────────────────────────────

19      Defendant, AMERICAN YACHT TRANSPORT, LLC, answers the Complaint as

20 follows:

21              INTRODUCTION AND OVERVIEW

22      1.      Nick Deleo ("Deleo") brings this action under the Carmack Amendment to the
   Interstate Commerce Act, 49 U.S.C. §§ 14706, et seq., against American Yacht Transport LLC
23 ("American Yacht"), a motor carrier, for damages American Yacht caused to Deleo's vessel
   during transportation of the vessel from Florida to California. Deleo seeks all remedies
24 available under the law, including without limitation, damages, cost of repair, loss of use,
25 attorney's fees, interest, punitive damages, and costs.

26      Defendant admits Plaintiff has brought an action under the Carmack Amendment to the

27 Interstate Commerce Act. Defendant denies plaintiff is entitled to attorney fees and punitive

28 damages under the Carmack Amendment to the Interstate Commerce Act.

- 1 -

ANSWER TO COMPLAINT

## JURISDICTION AND VENUE

2.  This court has original federal question jurisdiction under 28 U.S.C. § 1331, as this action is brought under the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. §§ 14706, et seq. and Deleo seeks damages in excess of the jurisdictional threshold of $10,000, exclusive of costs and interests pursuant to 28 U.S.C. § 1337(a).

Defendant admits jurisdiction and venue are proper. Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 2 of plaintiff's Complaint, and on that basis, deny each and every remaining allegation contained therein.

3.  The claims asserted herein arose in this judicial district and all Defendants do business in this judicial district. Venue in this judicial district is proper under 28 U.S.C. §1391(b) in that this is the judicial district in which a substantial part of the acts and omissions given rise to the claims occurred.

Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in Paragraph 3 of plaintiff's Complaint, and on that basis, deny each and every allegation contained therein.

## PARTIES

### The Plaintiff

4.  Plaintiff NICK DELEO ("Deleo") is, and at all relevant times, was an individual residing in California.

Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in Paragraph 4 of plaintiff's Complaint, and on that basis, deny each and every allegation contained therein.

### The Defendant

5.  Defendant AMERICAN YACHT TRANSPORT, LLC ("American Yacht" or "Defendant") is, and at all times herein mentioned was, a limited liability corporation incorporated in the State of Florida with its principal place of business in Florida, in the business of interstate shipping and providing transportation services.

Admit.

/ / /

/ / /

6. *DeLeo is ignorant of the true names and capacities of defendants sued herein as Does 1 through 10 inclusive and therefore sues these defendants by such fictitious names. DeLeo will amend this complaint to allege their true names and capacities when ascertained.*

Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in Paragraph 6 of plaintiff's Complaint, and on that basis, deny each and every allegation contained therein.

7. *DeLeo is informed and believes and therefore alleges that at all times herein relevant, each of the defendants was the agent, servant and employee of each of the remaining defendants, and each was acting within the course and scope of such agency and employment or as a principal and with the express knowledge, permission and/or consent of each of the defendants by reason of which each of the defendants are liable to DeLeo for the relief herein prayed for.*

Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in Paragraph 7 of plaintiff's Complaint, and on that basis, deny each and every allegation contained therein.

## CLAIM FOR RELIEF

## VIOLATION OF THE CARMACK AMENDMENT

8. *DeLeo realleges and incorporates herein by reference all preceding allegations as though full set forth herein.*

In answer to Paragraph 8, defendant incorporates its specific answers to all preceding paragraphs, as if set forth within.

9. *DeLeo contracted with American Yacht to transport by land his vessel ("Vessel D5") from Florida to California. DeLeo delivered Vessel D5 to American Yacht in good condition. Vessel D5 had no material defects at the time.*

Admit Plaintiff contracted with American Yacht Transport, LLC to transport by land his vessel as identified on the Bill of Lading from Florida to California. Except as expressly admitted herein, American Yacht Transport, LLC, denies the rest and remainder of Paragraph 9.

/ / /

/ / /

/ / /

/ / /

- 3 -

ANSWER TO COMPLAINT
08 CV5347 W JMA

10. *American Yacht transported Vessel D5 from Florida to California. Vessel D5 arrived in California with extensive damage, including but not limited to, damage to the paint, hull, keel, windows and numerous other parts of the vessel.*

Admit Plaintiff contracted with American Yacht Transport, LLC to transport by land his vessel as identified on the Bill of Lading from Florida to California. Admit the vessel arrived in California with damage to the keel. Admit the vessel has damage to the paint but deny the damage was caused during transport. Except as expressly admitted or denied herein, American Yacht Transport, LLC, lacks sufficient knowledge or information to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 10 of plaintiff's Complaint, and on that basis, deny each and every remaining allegation contained therein.

11. *DeLeo promptly filed a written claim with American Yacht after delivery of Vessel D5. DeLeo's written claim contained facts sufficient to identify the shipment of property, an assertion of liability for loss or damage, and a claim for a specified or determinable amount of money, to wit, $89,924.00, exclusive of damages for loss of use, consequential damages, costs, attorney's fees, pre-judgment interest, and punitive damages.*

Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in Paragraph 11 of plaintiff's Complaint, and on that basis, deny each and every allegation contained therein.

12. *To date, American Yacht has not paid the claim or any part thereof. Nor has American Yacht indicated whether it intends to pay the claim or any part of thereof.*

American Yacht Transport, LLC denies that it is responsible for all alleged damages claimed by Plaintiff.

13. *As a proximate result of Defendant's conduct, DeLeo has been damaged in an amount in excess of $10,000 according to proof.*

Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in Paragraph 7 of plaintiff's Complaint, and on that basis, deny each and every allegation contained therein.

## PRAYER FOR RELIEF

WHEREFORE, DeLeo prays judgment against Defendants as follows:

1. For special damages, including, cost of repair, cost of replacement, loss of use, in excess of $10,000, according to proof;
2. For consequential damages and other additional damages in excess of $10,000 according to proof;

- 4 -

ANSWER TO COMPLAINT
08 CV5347 W JMA

3. *For pre-judgment interest at the maximum allowable rate;*
4. *For attorney's fees according to proof;*
5. *For punitive and exemplary damages according to proof;*
6. *For costs of suit herein according to proof; and*
7. *For such other and further relief as the Court may deem proper.*

Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in the Prayer For Relief, and on that basis, deny each and every allegation contained therein.

### AMERICAN YACHT TRANSPORT, LLC'S AFFIRMATIVE DEFENSES

1. That plaintiffs' complaint, and each and every cause of action contained therein, fails to state facts sufficient to state a cause of action against these answering defendants.

2. The injuries alleged by plaintiff if any, were proximately caused by the negligence and liability of other persons or entities, and this answering defendant request that an allocation of such negligence and liability be made among such other persons or entities, and that, if any liability is found on the part of this defendant, judgment against said defendant be only in the amount which is proportionate to the extent and percentage by which this answering defendant's acts or omissions contributed to plaintiff's injuries or damages.

3. The damages sustained by the plaintiff, if any, were proximately caused and/or contributed to by plaintiff's own acts, omissions, negligence, and/or failure to take reasonable and necessary action to eliminate, mitigate, lessen, reduce and minimize such damages, thus barring or reducing plaintiff's recovery herein.

4. That all claims are barred in whole or in part by the applicable Statute of Limitations.

5. These answering defendants allege that the events, injuries, losses and damages complained of in the plaintiff's complaint were the result of an unavoidable accident and occurred without any negligence or other breaches of duty to the plaintiff on the part of these defendants.

6. Plaintiff's claim is barred, either in whole or in part, by the absence of subject matter jurisdiction.

6. Plaintiff's claim is barred, either in whole or in part, by the absence of subject matter jurisdiction.

7. Plaintiff's have failed to satisfy all conditions precedent to bringing this action, including but not limited to the filing of a legally sufficient notice of claim within the specified time period.

8. The Complaint and each cause of action therein may be barred, in whole or in part, to the extent Plaintiff has waived or is estopped from, or are barred by the doctrine of laches from, asserting such causes of action.

9. The damages sustained by the plaintiff, if any, were proximately caused by the inherent quality, nature or vice of the goods being transported, and arose through no negligence on the part of American Yacht Transport, LLC.

10. The damages sustained by the plaintiff, if any, were proximately caused by the sole negligence of Plaintiff.

11. Assumption of the risk.

12. Defendant is not responsible for damage, if any, due to shrink wrap as set forth in the Contract/Bill Of Lading.

13. The Contract/Bill Of Lading sets forth the terms and conditions for transporting the vessel.

14. Plaintiff's alleged consequential damages are not reasonable or foreseeable.

15. Punitive damages and attorney fees are not allowed under the Carmack Amendment to the Interstate Commerce Act

16 This answering defendant presently has insufficient knowledge or information upon which to form a belief as to whether they may have additional, as of yet unstated affirmative defenses. Accordingly, this answering defendant reserve the right to assert additional affirmative defenses in the event discovery and investigation reveals facts to support additional affirmative defenses.

/ / /

/ / /

**PRAYER**

WHEREFORE, American Yacht Transport, LLC prays for judgment or relief against Plaintiff as follows:

1. That the claim against American Yacht Transport, LLC is dismissed with prejudice and that Plaintiff takes nothing by way of the Complaint;

2. That American Yacht Transport, LLC have judgment for costs of suit incurred herein; and

3. For such other and further relief as the Court deems just and proper.

Dated: May 19, 2008

OSMAN & ASSOCIATES

By: *[signature]*
Jeffrey M. Anielski, Esq.
Attorneys for Defendant AMERICAN YACHT TRANSPORT, LLC

# CERTIFICATE OF SERVICE
[CivLR 5.2]

***Deleo v. American Yacht Transport, LLC***
United States District Court Case Number 08 CV5347 W JMA

I the undersigned, declare:

I am, and was at the time of service of the papers herein referred to, over the age of 18 years, and not a party to this action. My business address is 9325 Sky Park Court, Suite 230, San Diego, CA 92123.

On the date executed below, I served the following document(s) described as:

**DEFENDANT AMERICAN YACHT TRANSPORT, LLC'S ANSWER TO PLAINTIFF NICK DELEO'S COMPLAINT FOR DAMAGES**

on interested parties in this action addressed as follows:

| | |
|---|---|
| Andrew F. Pierce | Tel: (650) 843-1900 |
| Scott A. Berman | Fax: (650) 843-1999 |
| Pierce & Shearer LLP | **Attorney for Plaintiff** |
| 2483 E. Bayshore Road, Suite 202 | |
| Palo Alto, CA 94303 | |

by placing the original or a true copy thereof enclosed a sealed envelope with postage thereon fully prepaid in the United States mail at San Diego, California 92123.

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepared at San Diego, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury that the foregoing is true and correct. Executed on May 19, 2008, at San Diego, California.

*Denise Doroshuk*
Denise Doroshuk

FILED
08 MAY 19 PM 3:55
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: /s/ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Nick Deleo<br>　　　Plaintiff<br><br>　　vs<br><br>American Yacht Transport, LLC<br>　　　Defendant | Case Number: 08cv534<br><br>NOTICE OF NONCOMPLIANCE WITH LOCAL RULE 5.4(a) MANDATORY ELECTRONIC FILING |

Document Submitted: Answer

Filed by Attorney: Jeffery Anielski

The document(s) listed above were not submitted electronically and therefore do not comply with Local Rule 5.4(a).

L.R. 5.4(a) - Except as proscribed by local rule, order or other procedure, the court has designated all cases to be assigned to the Electronic Filing System. Unless otherwise expressly provided in the Court's Electronic Case Filing Administrative Policies and Procedures Manual, the Court's Local Rules, or in the exceptional circumstances preventing a registered user from filing electronically, as of November 1, 2006 all petitions, motions, memoranda of law, or other pleadings and documents required to be filed with the court by a registered user in connection with a case assigned to the Electronic Filing System shall be electronically filed.

A copy of this notice has been provided to counsel of record for this party.

**Counsel must register for CM/ECF on the court's web site, www.casd.uscourts.gov, within 5 business days of receipt of this notice.**

Please take notice, further documents submitted that do not comply with this rule will be submitted to the Court on a discrepancy order.

Date: 5/19/08

　　　　　　　　　　　　　　　　　W. Samuel Hamrick, Clerk of Court

　　　　　　　　　　　　　　　　　By, /s/ J. Paris Deputy Clerk